UNITED STATES of America, Plaintiff–Appellee,

v.

Paulina Bernal MACIAS, Defendant–Appellant.

No. 98–50386.
D.C. No. CR–97–01163–RSWL.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 15, 2001.*

Decided Oct. 23, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable John M. Roll, United States District Judge for the District of Arizona, sitting by designation.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before REINHARDT, GRABER and BERZON, Circuit Judges.

### MEMORANDUM **

Paulina Bernal Macias appeals her 60–month sentence after being found guilty of: conspiracy to transport and harbor illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I); aiding and abetting the transport of illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(II); transporting illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii); and two counts of harboring illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii). We have jurisdiction pursuant to 28 U.S.C. § 1291, and reverse and remand.

Counsel for Macias has filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating there are no arguable issues on appeal. The government, however, concedes Macias' 60–month sentence was greater than the maximum allowed for the applicable sentencing guideline range. Macias also has filed a supplemental pro se brief concurring with the government as to the sentencing issue, and our independent review of the record before us compels us to agree.

Accordingly, we REVERSE and REMAND for re-sentencing. We express no opinion as to the validity of Macias' underlying conviction.[1]

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Counsel Anthony E. Alexander's motion to be relieved as counsel of record and appointment of new counsel will be addressed by a separate order accompanying our memorandum disposition.

